79 U.S. 452
 20 L.Ed. 458
 12 Wall. 452
 HALL
v.
ALLEN, ASSIGNEE.
 December Term, 1870
 
 1
 MOTION to dismiss, for want of jurisdiction, an appeal from the Circuit Court for Missouri: the case being thus:
 
 
 2
 The act to establish a uniform system of bankruptcy gives to the District Courts exclusive original jurisdiction in matters of bankruptcy, including 'the adjustment of the various priorities and conflicting interests of all parties.' The act enacts, however, by its 2d section:
 
 
 3
 'That the several Circuit Courts . . . within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may, upon bill, petition or other process, of any party aggrieved, hear and determine the case as a court of equity.'
 
 
 4
 The 6th section of the same act, after speaking of the District Court, provides that
 
 
 5
 'In any bankruptcy, or in any other proceedings, . . . the parties concerned may, at any stage of the proceedings, by consent, state any question or questions, in a special case, for the opinion of the court; and the judgment of the court shall be final, unless it be agreed and stated in such special case that either party may appeal, if, in such case, an appeal is allowed by this act.'
 
 
 6
 With these provisions in force, one Downing, doing both an individual and a partnership business, and having creditors of both classes, was declared a bankrupt, all Allen was appointed his assignee. The bankrupt cause having been referred to a register in bankruptcy, a question arose upon the facts of the case (not disputed) whether the separate creditors were to be paid in full before the partnership creditors should get anything; the question arising upon some motion made before the register. And a case and the question upon it and the motion being agreed on by the counsel, the register certified the whole to the District Court for its opinion, a right of appeal being reserved to all parties. That court decided that the separate creditors were to be paid in full; to which decision the assignee excepted, and the court signed a bill of exceptions. The assignee now appealed to the Circuit Court. That court reversed the decision of the District Court. An appeal was then taken to this court by the assignee from the decision—the appeal which it was now asked to have dismissed.
 
 
 7
 Mr. H. Hitchcock, in support of the motion: The matter before the Circuit Court was a mere question 'arising in the course of the administration of the bankrupt's estate,' and so within the supervisory jurisdiction given by the 2d section to the Circuit Court. It was the original jurisdiction for 'the adjustment of the various priorities and conflicting interests of all parties,' conferred on the District Courts by the Bankrupt Act, which was invoked by simple motion; which motion, together with an agreed statement of facts, was, at the request of all parties concerned, certified by the register for its opinion to the District Court. A case stated is within the terms, 'other process,' spoken of in the 2d section. Morgan v. Thornhill,* decided that in such cases no appeal lies to this court.
 
 
 8
 Mr. E. Avery, contra: This case, unlike Morgan v. Thornhill, did not arise under the 2d section of the act, but under the 6th. The parties had stated a case for the District Court, as that section provides, and had reserved their right of appeal. The case being thus in the Circuit Court, in a regular way, and not in it as a merely supervisory court, an appeal would lie.
 
 The CHIEF JUSTICE:
 
 9
 It is quite evident that the decision of the Circuit Court was made in the exercise of its superintending and revising jurisdiction, and this court decided at the last term, in Morgan v. Thornhill, that no appeal can be taken from the decision of the Circuit Court in the exercise of that jurisdiction. The appeal, therefore, is
 
 
 10
 DISMISSED.
 
 
 
 14 Stat. at Large, 518.
 
 
 *
 11 Wallace, 65.